IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRETA CRAWFORD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0994-K |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

In this *pro se* civil action, Plaintiff Greta Crawford, an African-American female, sues the

United States of America, various federal agencies and officers, and three private employers for: (1)

race, gender, and disability discrimination, (2) retaliation, (3) a myriad of constitutional torts, (4)

breach of contract, (5) invasion of privacy, (6) negligence, (7) trespass to chattels, (8) conspiracy,

and (9) harassment.  As best the court can decipher her prolix and largely unintelligible complaint,

plaintiff appears to allege that defendants conspired to harass and retaliate against her for filing a

prior lawsuit against the Department of Homeland Security ("the DHS Litigation").  In that case,

which was dismissed on summary judgment, plaintiff sued DHS under a variety of theories after the

agency rejected her application for employment as an immigration inspector.  *See Crawford v.*

*United States*, No. 3-04-CV-2619-L, 2006 WL 2167409 (N.D. Tex. Aug. 2, 2006), *aff'd*, 245

Fed.Appx. 369, 2007 WL 2348661 (5th Cir. Aug. 16, 2007), *cert. denied*, 128 S.Ct. 2487 (2008).

Dissatisfied with the outcome of the DHS Litigation, plaintiff filed the instant lawsuit.  Her most

recent complaint asserts a patchwork of incredible, fanciful, and often incomprehensible claims

related to wrongs allegedly perpetrated against her by 13 federal defendants, including the U.S.

Postal Service, the U.S. Marshals Service, and the Administrative Office of U.S. Courts, as well as

three private companies for whom plaintiff worked--Cunningham & Moore, Inc. ("C&M"),

Publishing Concepts, Inc. ("PCI"), and Summit Merchant Solutions d/b/a Certified Payment

Processing, L.P. ("Summit").  Illustrative of plaintiff's outlandish allegations are those involving

Assistant U.S. Attorney Stephen P. Fahey, the attorney for the government in the DHS Litigation.

In her complaint, plaintiff alleges, *inter alia*:

- A few days after the new year, in 1/07, Fahey claimed that [U.S. Attorney's Office] employees entered Plaintiff's apartment building.  Fahey described play money neighbors left in the corridor.  (*See* Plf. Sec. Am. Compl. at 4, ¶ 43);

- In late Summer 2007, Fahey, C&M, and others ambushed Plaintiff at the PCI office.  (*See id.* at 6, ¶ 53);

- Suddenly Fahey and others arrived at PCI in late Summer 2007.  Some PCI supervisors locked themselves in an office.  An employee said blacks were disfavored at PCI.  Among other things, Fahey writhed around on the kitchen floor and entered the dining room where he pretended his coworker was a doctor who Fahey was prosecuting.  Fahey kept insisting Plaintiff comment on that case file over Plaintiff's repeated objections.  The PCI president was present.  Strangers and C&M arrived.  (*See id.* at 6, ¶ 64);

- In another incident, numerous Summit workers and Fahey suddenly showed up on PCI grounds in Summer/Fall 2007.  PCI allowed the ambush and participated.  (*See id.* at 7, ¶ 65);

- Suddenly Fahey, the DHS decisionmaker and others arrived at Summit in late Spring 2007.  They ended up at Plaintiff's home.  On the way, Johnson claimed the [U.S. Attorney's Office] defense of DHS was poor.  At home, Fahey pointed a gun at Plaintiff as Plaintiff held a rabbit.  The rabbit was a valued pet.  Fahey squeezed a rabbit and threw a kitten over a stairway railing, despite Plaintiff's objections.  (*See id.* at 7, ¶ 74);

- During the holidays, from 11/07-1/08, Fahey, a US Marshal who also went to C&M . . ., and others suddenly arrived at Summit. Plaintiff saw one of the Marshal's warrant-like papers that had no charge or signature, just a random employee name. The Human Resources Manager falsely claimed to control DHS I and settlement. Among other things, Fahey writhed around on the floor as he had at PCI. A phony ambulance waited outside where many employees emptied out after running about inside. (*See id.* at 8, ¶ 83);

- [After plaintiff filed a petition for writ of certiorari in the DHS Litigation], Fahey suddenly arrived in the parking lot, sat on Plaintiff's car and waived a white handkerchief. His coworker who pretended to be a doctor at PCI also was present and accused a coworker of fraud. Persons resembling district court clerks who plaintiff claimed lost or refused to file various documents were present. (*See id.* at 8, ¶ 91).

Elsewhere in her complaint, plaintiff accuses Fahey of breaking into her apartment, conducting surveillance, and giving Summit details about her personal property. (*See id.* at 4, ¶ 43 & 9, ¶¶ 97, 106). The case is now before the court on separate Rule 12(b)(6) motions to dismiss filed by PCI, Summit, C&M, the individual federal defendants, and the United States of America. The issues have been briefed by the parties and the motions are ripe for determination.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.*, *quoting* FED. R. CIV. P. 8(a)(2).

Judged against this standard, the court has little difficulty concluding that plaintiff has failed to state a claim against any of the defendants. Other than her allegations against Fahey, plaintiff pleads no facts to support her claims. Instead, plaintiff generally alleges a conspiracy between the federal government and her former employers to harass and retaliate against her for filing the DHS Litigation. Although plaintiff has filed a 26-page pleading containing 248 enumerated paragraphs, "[a] complaint can be long-winded, even prolix, without pleading with particularity." *Pickard v. Vacek*, No. 1-07-CV-817, 2008 WL 3861673 at *4 (E.D. Tex. Aug. 19, 2008), *quoting Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir.), *cert. denied*, 118 S.Ct. 412 (1997). "Indeed such a garrolous style is not an uncommon mask for an absence of detail." *Id.*, *quoting Williams*, 112 F.3d at 178. The court cannot accept plaintiff's allegations, which are nothing more than legal conclusions masquerading as factual conclusions, as a proper pleading.

While plaintiff's allegations against Fahey are quite fact-specific, they do not pass the facial plausibility test. To allow these claims to proceed, the court would have to draw a "reasonable inference that [Fahey] is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. That, in turn, would require the court to infer that an Assistant U.S. Attorney, who defended the federal government in the DHS Litigation, stalked plaintiff at work, broke into her apartment, held her at gunpoint, harmed a pet rabbit, and threw a kitten over a stairway railing. The court is unable to make

such an inference without straining the limits of credulity. When read as a whole, the allegations in plaintiff's complaint are not enough to raise a right to relief above the speculative level. Dismissal is therefore proper under Rule 12(b)(6).[1]

## RECOMMENDATION

The Rule 12(b)(6) motions to dismiss filed by PCI [Doc. #17], Summit [Doc. #21], C&M [Doc. #23], the individual federal defendants [Doc. #49], and the United States of America [Doc. #51] should be granted. This case should be dismissed with prejudice. C&M's request for sanctions should be denied. However, plaintiff should be warned that sanctions may be imposed if she continues to harass those involved in the DHS Litigation by filing frivolous claims and lawsuits. Such sanctions may include monetary sanctions and restrictions on the ability to file future lawsuits without leave of court. *See McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

---

[1] Ordinarily, the court would give plaintiff an opportunity to replead in an attempt to cure the defects identified by defendants in their Rule 12(b)(6) motions. However, plaintiff has already amended her complaint twice. Her most recent complaint was filed after defendants filed their motions to dismiss. The court therefore determines that plaintiff has pled her best case and that further amendment will cause unnecessary delay. *See Tucker v. United States*, No. 3-08-CV-1589-L, 2009 WL 3047855 at *6 (N.D. Tex. Sept. 23, 2009), *citing Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 565 (5th Cir. 2003).

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  March 10, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE